KM

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paul Thomas Valdespino, | No.  CV 13-1528-PHX-DGC (MEA) |
| Plaintiff, | |
| vs. | **ORDER** |
| Janice K. Brewer, et al., | |
| Defendants. | |

On July 26, 2013, Plaintiff Troy Steven Jones, who is confined in the Arizona State Prison Complex-Yuma, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed *In Forma Pauperis* (Doc. 2).  Plaintiff also filed a Motion for a Temporary Restraining Order and Preliminary Injunction (Doc. 4).  The Court will deny the Motion and dismiss the Complaint with leave to amend.

**I.    Application to Proceed *In Forma Pauperis* and Filing Fee**

On September 12, 2013, Plaintiff filed an Amended Application for Leave to Proceed *In Forma Pauperis* (Doc. 7).  Because the Amended Application does not include a certified six-month trust account statement, the Court will deny the Amended Application and consider only Plaintiff's original, July 26 Application.

Plaintiff's July 26 Application to Proceed *In Forma Pauperis* will be granted.  28 U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1).  The Court will assess an initial partial filing fee of $27.84.  28 U.S.C.

JDDL-K

§ 1915(b)(1). The remainder of the statutory fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).  The Court should not, however, advise the litigant how to cure the defects.  This type of advice "would undermine district judges' role as impartial decisionmakers."  *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies).  The Court will dismiss Plaintiff's Complaint for failure to state a claim. However, because the Complaint may possibly be saved by amendment, the Court will dismiss the Complaint with leave to amend.

**III.   Complaint**

Plaintiff names the following Defendants in the Complaint: Arizona Governor Janice K. Brewer; Arizona Department of Corrections (ADOC) Director Charles L. Ryan; Warden Richard Allen Bock; Deputy Warden Adam Bradley; Deputy Warden E. Jensen; and Assistant Deputy Warden Wallace.

Plaintiff raises three claims for relief.  In Count I, Plaintiff alleges his safety is threatened in violation of the Eighth Amendment.   Specifically, Plaintiff claims Defendants Ryan, Bock, Bradley, Jensen, and Wallace have knowledge that "dangerous inmates run the place" and impose mandatory prison gang rules on inmates "at the threat of violence or death."  Their rules include "illicit acts of inmate-on-inmate violence"; "extortion of inmates['] monies or personal property"; participation in riots; "censorship of inmates['] verbal and/or written communication with or to prison officials, medical staff, to the outside world"; and "monitoring of inmate's assigned housing area, assigned

prison job, and all inmate activities."  Plaintiff claims that an inmate's only recourse is to complain to prison officials who respond by confining the complaining inmate in a maximum custody punitive segregation unit "for months or years," while the dangerous inmates remain in medium custody without sanctions.  When a complaining inmate is placed back into the medium custody inmate population, he faces a "heightened substantial risk of serious inmate-on-inmate violence."

Plaintiff further claims that Defendants Ryan, Bock, Bradley, Jensen, and Wallace confined Plaintiff for 18 to 22 hours a day, and frequently for 24 hours a day, in a "double bunked" dormitory prison that exceeded design capacity.  Plaintiff claims the double bunks obstructed prison officials' observation of inmates and their behavior, and corrections officers seldom made security walks, thereby allowing dangerous inmates to extort Plaintiff "to obey prison gang rules and of personal property[.]"

Plaintiff asserts that Defendants "have actual knowledge of the substantial risk of serious harm to Plaintiff" caused by "double bunking in dormitories, and double bunking in cells[,] and guards['] failure to supervise inmates and inmates living areas."  Further, Defendants "knew or learned that nearly all of the assaults were committed by the dangerous inmates" because Plaintiff and "hundreds of inmates talked to mental health staff about these problems" and because "thousands of inmates [including] Plaintiff filed written statements complaining about the dangerous inmates, threats and assaults by the dangerous inmates, the prison gang rules they impose, and inadequate safety with the Special Services Unit and criminal investigation unit."   Despite these complaints, Plaintiff alleges that Defendants have failed to follow state statutory requirements and ADOC policy by "fail[ing] to take reasonable measures to abate the substantial risk of serious harm" when they "allow the dangerous inmates to go on undisciplined and without criminal sanction" and without "segregate[ing] dangerous inmates."  As a result of these failures, Plaintiff states he has suffered physical and psychological injuries, pain and suffering, worsening of his mental illness, and monetary loss.

In Count II, Plaintiff alleges that the above facts violate Article 2 § 15 of the Arizona Constitution.  Plaintiff alleges that Defendants Ryan, Bock, Bradley, Jensen and Wallace are aware of the substantial risk of serious inmate-on-inmate violence and "acted with careless, reckless disregard towards Plaintiff's safety and well being and w[ere] negligent or gross[ly] neglien[t]."  Plaintiff further asserts that Defendants Bock, Jensen and Wallace "continue to fail to take measures or reasonable measures to abate the harm d[e]spite having been put on notice by the service of the summons and third amended complaint herein."[1]

In Count III,[2] Plaintiff claims his Eighth Amendment rights are violated because Defendants Bock, Bradley, Jensen, and Wallace "denied Plaintiff adequate outside exercise [and] in doing so defendants have acted with deliberate indifference to a substantial risk of serious harm."

Plaintiff seeks declaratory and injunctive relief, a temporary restraining order, nominal damages, his attorney's fees and costs, a protective order, and any other relief the court deems just and proper.

## IV.  Failure to State a Claim

### A.  Defendant Brewer

Plaintiff sues Arizona Governor Brewer.  Eleventh Amendment immunity bars suit for damages against Brewer in her official capacity for violations of federal law, but does not bar suit for declaratory or injunctive relief against her.  *See Coalition to Defend Affirmative Action v. Brown*, 674 F.3d 1128, 1134 (9th Cir. 2012).  However, an "individual state official sued 'must have some connection with the enforcement of the act.'"  *Id.* (quoting *Ex parte Young*, 209 U.S. 123, 157 (1908)).  Further, "that connection 'must be fairly direct; a generalized duty to enforce state law or general supervisory power over persons responsible for enforcing the challenged provision will not subject an

---

[1] There is no third amended complaint in this action and Plaintiff's reference is therefore unclear.

[2] Count III is mislabeled as "Count IV."

official to suit.'" *Id.* (quoting *Los Angeles County Bar Ass'n v. Eu*, 979 F.3d 697, 704 (9th Cir. 1992)).

Plaintiff makes generalized and vague allegations against Defendant Brewer without alleging any connection by Defendant Brewer to the alleged constitutional violations. Plaintiff accordingly fails to state a claim against Defendant Brewer.

**B.      Violations of Other Inmates' Rights**

In his Complaint, Plaintiff appears to seek relief on behalf of other inmates. A "'plaintiff generally must assert his own legal rights and interests, and cannot assert the legal rights or interests of third parties.'" *Mothershed v. Justices of the Supreme Court*, 410 F.3d 602, 610 (9th Cir. 2005) (quoting *Warth v. Seldin*, 422 U.S. 490, 499 (1975)). Accordingly, Plaintiff's claims raised on behalf of other inmates do not state a claim for relief and will be dismissed.

**C.      Count I–Conditions of Confinement**

Plaintiff claims in Count I that his safety was threatened, in violation of the Eighth Amendment. An Eighth Amendment claim requires a sufficiently culpable state of mind by the Defendants, known as "deliberate indifference." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. *Id.* at 835. To state a claim of deliberate indifference, plaintiffs must satisfy a two-part test. First, the alleged constitutional deprivation must be, objectively, "sufficiently serious"; and the official's act or omission must result in the denial of "the minimal civilized measure of life's necessities." *Id.* at 834. Second, the prison official must have a "sufficiently culpable state of mind," *i.e.*, he must act with deliberate indifference to inmate health or safety. *Id.* In defining "deliberate indifference" in this context, the Supreme Court has imposed a subjective test: "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, *and* he must also draw the inference." *Id.* at 837 (emphasis added).

"[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847.  A plaintiff "may demonstrate deliberate indifference by showing that the risk of harm was 'longstanding, pervasive, well-documented, or expressly noted by prison officials in the past' such that the defendants 'must have known' about the risk." *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 259 (3rd Cir. 2010) (quoting *Farmer*, 511 U.S. at 842).  A prisoner facing unsafe prison conditions and seeking injunctive relief to "prevent a substantial risk of serious injury from ripening into actual harm" need not wait for an event such as an assault before obtaining relief.  *Farmer*, 511 U.S. at 845.

Nearly all of Plaintiff's allegations in Count I apply to inmates in general and not to Plaintiff specifically.  Notably, Plaintiff alleges that inmates who complain about dangerous inmates are placed in punitive segregation units for months or years, but he does not allege that *he* was placed in punitive segregation for complaining, and, if so, when, by whom, and any other relevant circumstances.  Similarly, Plaintiff asserts that "inmate-on-inmate extortion and assault was a daily event by the dangerous inmates," but does not state that he was personally a victim of extortion and assault or provide any facts specific to him regarding such assaults.  Finally, although Plaintiff alleges that Defendants were aware that he was in danger, he fails to provide any specific facts describing how Defendants were aware of a threat to Plaintiff.

Plaintiff asserts in Count I that "the term inmates is being used herein to describe the overall conditions that inmates are confined under and is meant to mean the Plaintiff herein."  This is not sufficient to show that Plaintiff was personally injured.  To state a claim for relief, Plaintiff must demonstrate that his own safety was threatened, that specific Defendants were aware of a threat to *Plaintiff's* safety, and that Defendants failed to act appropriately.

### D.    Count II–State Law Claims

Section 1983 provides a cause of action against persons acting under color of state

law who have violated rights guaranteed by the United States Constitution and federal law.  42 U.S.C. § 1983; *see also Buckley v. City of Redding*, 66 F.3d 188, 190 (9th Cir. 1995).  Section 1983 does not provide a cause of action for violations of state law or state constitutional rights.  *Ybarra v. Bastian*, 647 F.2d 891, 892 (9th Cir. 1981).  Accordingly, Plaintiff's claims in Count II are not properly brought in a § 1983 action and will be dismissed.

### E.    Count III–Outdoor Exercise

"Deprivation of outdoor exercise violates the Eighth Amendment rights of inmates confined to continuous and long-term segregation."  *Keenan v. Hall*, 83 F.3d 1083, 1089 (9th Cir. 1996), *amended by* 135 F.3d 1318 (9th Cir. 1998).  Prison officials may restrict outdoor exercise on the basis of weather, unusual circumstances, or disciplinary needs. *Spain v. Procunier*, 600 F.2d 189, 199 (9th Cir. 1979).  However, "[t]he cost or inconvenience of providing adequate [exercise] facilities is not a defense to the imposition of a cruel punishment."  *Id.* at 200.  "[T]he lack of outside exercise for extended periods is a sufficiently serious deprivation and thus meets the requisite harm necessary to satisfy" the objective requirement for an Eighth Amendment violation. *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993).

Plaintiff specifically states that inmates receive 45 minutes of outdoor exercise per day.  Plaintiff fails to demonstrate that he has been subjected to the denial of outdoor exercise for an extend period of time and therefore fails to state a claim in Count III.

## V.    Motion for Preliminary Injunction and Temporary Restraining Order

In his Motion, Plaintiff repeats some of the same allegations stated in his Complaint regarding dangerous inmates, prison gang rules, assaults, overcrowding, understaffing, and lack of exercise.  Plaintiff asks that the Court enter an "order compelling Defendants to perform their preexisting duties under the United States Constitution."  While Plaintiff does not specify what those duties are in his Motion, he requests in the Complaint that the Court issue a temporary restraining order requiring Defendants Ryan, Bock, Jensen, Wallace, and their agents to: (1) immediately begin a

process to remove dangerous inmates from ASPC-Yuma, Cibola Unit; (2) immediately issue a memorandum to all inmates at ASPC-Yuma, Cibola Unit, giving notice that no prison gang activity or prison gang rules will be permitted and that any inmate participating in any such activity will be removed from the unit and referred for disciplinary action and criminal prosecution; (3) immediately begin to reduce the prison population at ASPC-Yuma, Cibola Unit; and (4) immediately begin to remove the double bunks from dormitories at ASPC-Yuma, Cibola Unit.

A preliminary injunction is an extraordinary and drastic remedy and will not be granted absent a clear showing of likely success in the underlying claim and possible irreparable injury.  *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (*per curiam*).  A party seeking preliminary injunctive relief "must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."  *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (*per curiam*) (Eighth Amendment claim cannot provide basis for preliminary injunction against alleged acts in retaliation for filing claim).  In other words, Plaintiff must seek injunctive relief related to the merits of his underlying claim.  Because there presently is no complaint pending, Plaintiff's request is not properly before the Court at this time and will be denied.

In addition, a temporary restraining order without notice may be granted *only* if "specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard" and the movant certifies to the court in writing any efforts made to give notice and the reasons that notice should not be required. Fed. R. Civ. P. 65(b).  A "court may only issue a preliminary injunction on notice to the adverse party."  Fed. R. Civ. P. 65(a)(1).

Plaintiff has not provided notice nor does he explain why notice should not be required.  As addressed above, Plaintiff fails to state a claim in his Complaint and he has not otherwise alleged or shown specific facts to demonstrate that an immediate and irreparable injury, loss, or damage will result before an adverse party can be heard.

1   Accordingly, Plaintiff's Motion will be denied.

2   **VI.    Leave to Amend**

3          For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to

4   state a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a

5   first amended complaint to cure the deficiencies outlined above.  The Clerk of Court will

6   mail Plaintiff a court-approved form to use for filing a first amended complaint.   If

7   Plaintiff fails to use the court-approved form, the Court may strike the amended

8   complaint and dismiss this action without further notice to Plaintiff.

9          If Plaintiff files an amended complaint, Plaintiff must write short, plain statements

10  telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name

11  of the Defendant who violated the right; (3) exactly what that Defendant did or failed to

12  do; (4) how the action or inaction of that Defendant is connected to the violation of

13  Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of

14  that Defendant's conduct.  *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

15         Plaintiff must repeat this process for each person he names as a Defendant.   If

16  Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific

17  injury suffered by Plaintiff, the allegations against that Defendant will be dismissed for

18  failure to state a claim.   **Conclusory allegations that a Defendant or group of**

19  **Defendants has violated a constitutional right are not acceptable and will be**

20  **dismissed**.

21         Plaintiff must clearly designate on the face of the document that it is the "First

22  Amended Complaint."  The first amended complaint must be retyped or rewritten in its

23  entirety on the court-approved form and may not incorporate any part of the original

24  Complaint by reference.  Plaintiff may include only one claim per count.

25         A first amended complaint supersedes the original complaint.  *Ferdik v. Bonzelet*,

26  963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896

27  F.2d 1542, 1546 (9th Cir. 1990).   After amendment, the Court will treat an original

28  complaint as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action that was raised

1   in the original complaint is waived if it is not raised in a first amended complaint.  *King v.*

2   *Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

3   **VII.   Warnings**

4       **A.     Release**

5       Plaintiff must pay the unpaid balance of the filing fee within 120 days of his

6   release.  Also, within 30 days of his release, he must either (1) notify the Court that he

7   intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to

8   comply may result in dismissal of this action.

9       **B.     Address Changes**

10      Plaintiff must file and serve a notice of a change of address in accordance with

11  Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion

12  for other relief with a notice of change of address.  Failure to comply may result in

13  dismissal of this action.

14      **C.     Copies**

15      Plaintiff must submit an additional copy of every filing for use by the Court.  *See*

16  LRCiv 5.4.  Failure to comply may result in the filing being stricken without further

17  notice to Plaintiff.

18      **D.     Possible "Strike"**

19      Because the Complaint has been dismissed for failure to state a claim, if Plaintiff

20  fails to file an amended complaint correcting the deficiencies identified in this Order, the

21  dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).

22  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil

23  judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more

24  prior occasions, while incarcerated or detained in any facility, brought an action or appeal

25  in a court of the United States that was dismissed on the grounds that it is frivolous,

26  malicious, or fails to state a claim upon which relief may be granted, unless the prisoner

27  is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

28

JDDL-K

### E.    Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    Plaintiff's July 25, 2013 Application to Proceed *In Forma Pauperis* (Doc. 2) is **granted**.

(2)    Plaintiff's September 12, 2013 Amended Application to Proceed *In Forma Pauperis* (Doc. 7) is **denied** as moot.

(3)    As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $27.84.

(4)    Plaintiff's Motion for a Temporary Restraining Order and a Preliminary Injunction (Doc. 4) is **denied**.

(5)    The Complaint (Doc. 1) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(6)    If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

(7)    The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

Dated this 18th day of November, 2013.

*David G. Campbell*

_____
David G. Campbell
United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1.  Who May Use This Form.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2.  The Form.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten.  The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3.  Your Signature.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  The Filing Fee.  The filing fee for this action is $350.00.  If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5.  Original and Judge's Copy.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6.  Where to File.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  See LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $350 filing fee or the application to proceed *in forma pauperis* to:**

<u>Phoenix & Prescott Divisions</u>:   **OR**   <u>Tucson Division</u>:
U.S. District Court Clerk                              U.S. District Court Clerk
U.S. Courthouse, Suite 130                      U.S. Courthouse, Suite 1500
401 West Washington Street, SPC 10     405 West Congress Street
Phoenix, Arizona  85003-2119               Tucson, Arizona  85701-5010

7.  <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*). Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed. <u>See</u> Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

I hereby certify that a copy of the foregoing document was mailed
this _____ (month, day, year) to:
Name:  _____
Address:_____
        Attorney for Defendant(s)

_____
(Signature)

9.  <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  <u>See</u> Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.  <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

2

12.  Completing the Civil Rights Complaint Form.

**HEADING:**

1.  Your Name.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

2.  Defendants.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

3.  Jury Demand.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

1.  Nature of Suit.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "Bivens v. Six Unknown Federal Narcotics Agents" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

2.  Location.  Identify the institution and city where the alleged violation of your rights occurred.

3.  Defendants.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.  Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

3

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

**FINAL NOTE**

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____,    )
(Full Name of Plaintiff)            )
        Plaintiff,                 )
                                   )
        vs.                        )   **CASE NO.** _____
                                   )   (To be supplied by the Clerk)
(1)_____,   )
(Full Name of Defendant)            )
(2)_____,   )
                                   )   **CIVIL RIGHTS COMPLAINT**
(3)_____,   )   **BY A PRISONER**
                                   )
(4)_____,   )   ☐ Original Complaint
        Defendant(s).              )   ☐ First Amended Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them.   )   ☐ Second Amended Complaint

### A.  JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
        ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
        ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
        ☐ Other: _____.

2.   Institution/city where violation occurred: _____.

Revised 3/9/07               1                **550/555**

## B.  DEFENDANTS

1.  Name of first Defendant: _____. The first Defendant is employed as:
    _____at_____.
    (Position and Title)                                                          (Institution)

2.  Name of second Defendant: _____. The second Defendant is employed as:
    _____at_____.
    (Position and Title)                                                          (Institution)

3.  Name of third Defendant: _____. The third Defendant is employed as:
    _____at_____.
    (Position and Title)                                                          (Institution)

4.  Name of fourth Defendant: _____. The fourth Defendant is employed as:
    _____at_____.
    (Position and Title)                                                          (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?         ☐ Yes         ☐ No

2.  If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

    a.  First prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

    b.  Second prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

    c.  Third prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.  CAUSE OF ACTION

### COUNT I

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    ☐ Basic necessities    ☐ Mail    ☐ Access to the court    ☐ Medical care
    ☐ Disciplinary proceedings    ☐ Property    ☐ Exercise of religion    ☐ Retaliation
    ☐ Excessive force by an officer    ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.   **Administrative Remedies:**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available
      at your institution?    ☐ Yes   ☐ No
   b.   Did you submit a request for administrative relief on Count I?    ☐ Yes   ☐ No
   c.   Did you appeal your request for relief on Count I to the highest level?    ☐ Yes   ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why
      you did not. _____
_____.

## COUNT II

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
   ☐ Basic necessities        ☐ Mail          ☐ Access to the court      ☐ Medical care
   ☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion     ☐ Retaliation
   ☐ Excessive force by an officer   ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                    ☐ Yes    ☐ No
   b.   Did you submit a request for administrative relief on Count II?          ☐ Yes    ☐ No
   c.   Did you appeal your request for relief on Count II to the highest level?   ☐ Yes    ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**COUNT III**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count III.** Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion         ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.** State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
     a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                              ☐ Yes   ☐ No
     b.   Did you submit a request for administrative relief on Count III?             ☐ Yes   ☐ No
     c.   Did you appeal your request for relief on Count III to the highest level?    ☐ Yes   ☐ No
     d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                     DATE                                  SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____
_____
_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.