KM

**WO**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paul Thomas Valdespino, | No.  CV 13-01528-PHX-DGC (MEA) |
| Plaintiff, | |
| vs. | **ORDER** |
| Janice K. Brewer, et al., | |
| Defendants. | |

On July 26, 2013, Plaintiff Paul Thomas Valdespino, who is confined in the Arizona State Prison Complex-Yuma, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983, an Application to Proceed *In Forma Pauperis*, and a Motion for Temporary Restraining Order and a Preliminary Injunction.  In a November 18, 2013 Order, the Court granted the Application to Proceed, dismissed the Complaint because Plaintiff had failed to state a claim, and denied the Motion.  The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.  On December 27, 2013, Plaintiff filed a First Amended Complaint (Doc. 11) and a Motion for a Temporary Restraining Order and a Preliminary Injunction."  On January 6, 2014, Plaintiff filed a "Notice of Errata" and an Amended Motion for Temporary Restraining Order (Doc. 14).

The Court will dismiss the First Amended Complaint, with leave to amend, and deny the Amended Motion for Temporary Restraining Order and Preliminary Injunction. . . .

JDDL-K

1    **I.     Statutory Screening of Prisoner Complaints**

2           The Court is required to screen complaints brought by prisoners seeking relief

3    against a governmental entity or an officer or an employee of a governmental entity.  28

4    U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff

5    has raised claims that are legally frivolous or malicious, that fail to state a claim upon

6    which relief may be granted, or that seek monetary relief from a defendant who is

7    immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

8           A pleading must contain a "short and plain statement of the claim *showing* that the

9    pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8

10   does not demand detailed factual allegations, "it demands more than an unadorned, the-

11   defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

12   (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere

13   conclusory statements, do not suffice." *Id.*

14          "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

15   claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*,

16   550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual

17   content that allows the court to draw the reasonable inference that the defendant is liable

18   for the misconduct alleged." *Id.*  "Determining whether a complaint states a plausible

19   claim for relief [is] . . . a context-specific task that requires the reviewing court to draw

20   on its judicial experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's

21   specific factual allegations may be consistent with a constitutional claim, a court must

22   assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.*

23   at 681.

24          But as the United States Court of Appeals for the Ninth Circuit has instructed,

25   courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338,

26   342 (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less

27   stringent standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Erickson v.*

28   *Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

1    If the Court determines that a pleading could be cured by the allegation of other

2    facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal

3    of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).  The

4    Court should not, however, advise the litigant how to cure the defects.  This type of

5    advice "would undermine district judges' role as impartial decisionmakers."  *Pliler v.*

6    *Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13 (declining to

7    decide whether the court was required to inform a litigant of deficiencies).  Plaintiff's

8    First Amended Complaint will be dismissed for failure to state a claim, but because it

9    may possibly be amended to state a claim, the Court will dismiss it with leave to amend.

10   **II.    First Amended Complaint**

11   Plaintiff names the following Defendants in the First Amended Complaint:

12   Arizona Governor Janice K. Brewer; Arizona Department of Corrections (ADOC)

13   Director Charles L. Ryan; Warden Richard Allen Bock; Deputy Warden E. Jensen; and

14   Assistant Deputy Warden Wallace.

15   Plaintiff raises three claims for relief.  In Count One, Plaintiff claims his Eighth

16   Amendment rights are violated because "dangerous inmates impose mandatory prison

17   gang rules upon plaintiff at the threat of violence or death." These rules include:

18   "censorship of plaintiff's verbal and written communications with prison officials,

19   medical staff, and to the outside world, the production of charging documents listing

20   Plaintiff's committing offense; the monitoring of plaintiff's assigned living area, assigned

21   job and all inmate activities, outside recreation is mandatory with the requirement that

22   Plaintiff work out so that he is fit to assault another inmate or staff or do battle in a[n]

23   ordered riot, and include[s] . . . extortion of Plaintiff's personal property or monies for

24   monthly payment to gang members."  Plaintiff contends that Defendants Brewer, Ryan,

25   Bock, Jensen and Wallace have knowledge of these rules, but that if Plaintiff were to

26   complain, "prison officials" would "place Plaintiff into a maximum custody punitive

27   segregation unit for months or years and then place Plaintiff back into medium custody

28   into the hands of dangerous inmates."

Plaintiff further alleges that Defendants Brewer, Ryan, Bock, Jensen, and Wallace confine Plaintiff in overcrowded dormitories that have double bunks that "obstruct prison officials['] view and observation of inmates and inmate behavior[.]"  Plaintiff claims that Defendants are aware of inmate-on-inmate assaults and that at least three inmate riots occurred between January 2012 and October 2013.  Plaintiff further claims that inmates are threatened with assault and extortion on a daily basis.  Plaintiff alleges that the dangerous inmates are seldom disciplined, charged under the criminal code, or segregated from the general population.  Plaintiff claims that he faces the threat of assault and extortion every day and suffers "psychological debilitation" and monetary loss.

In Count Two, Plaintiff claims his Eighth Amendment rights are violated by confinement in overcrowded conditions.  Plaintiff claims he is housed with 125 other inmates with "only about 24 square feet of useable floor space when housed in a cubicle, and only 12 square feet of useable floor space when housed in a cubicle with another inmate double bunked."  Plaintiff further alleges that Defendants Bock, Jensen, and Wallace fail to train and provide adequate cleaning supplies to inmate porters who clean the toilets, urinals, sinks and showers and fail to provide protective gloves, boots, and equipment to inmate porters.  Finally, Plaintiff claims moving around the overcrowded dormitories is difficult and that noise levels are "generally unbearable and inmate tensions and hostilities are dangerously high."

In Count Three, Plaintiff alleges that his Eighth Amendment rights are violated by overcrowded and understaffed dormitories.  Plaintiff claims there are approximately 1,200 inmates confined in the prison unit with only 20 corrections officers on duty.  Plaintiff further claims he is denied adequate outside exercise and that it takes weeks to see a medical provider.

Plaintiff seeks declaratory and injunction relief and money damages.

**III.   Failure to State a Claim**

An Eighth Amendment claim requires a sufficiently culpable state of mind by the Defendants, known as "deliberate indifference."  *Farmer v. Brennan*, 511 U.S. 825, 834

(1994).  Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety.  *Id.* at 835.  To state a claim of deliberate indifference, plaintiffs must satisfy a two-part test.  First, the alleged constitutional deprivation must be, objectively, "sufficiently serious"; and the official's act or omission must result in the denial of "the minimal civilized measure of life's necessities."  *Id.* at 834.  Second, the prison official must have a "sufficiently culpable state of mind," *i.e.*, he must act with deliberate indifference to inmate health or safety.  *Id.*  In defining "deliberate indifference" in this context, the Supreme Court has imposed a subjective test: "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, *and* he must also draw the inference."  *Id.* at 837 (emphasis added).

"[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  *Id.* at 847.  A plaintiff "may demonstrate deliberate indifference by showing that the risk of harm was 'longstanding, pervasive, well-documented, or expressly noted by prison officials in the past' such that the defendants 'must have known' about the risk."  *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 259 (3rd Cir. 2010) (quoting *Farmer*, 511 U.S. at 842).  A prisoner facing unsafe prison conditions and seeking injunctive relief to "prevent a substantial risk of serious injury from ripening into actual harm" need not wait for an event such as an assault before obtaining relief.  *Farmer*, 511 U.S. at 845.

## A.    Defendant Brewer

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant.  *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).  There is no *respondeat superior* liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability.  *Monell v. New York City Dep't*

1    *of Soc. Servs.*, 436 U.S. 658, 691-92 (1978); *Hamilton v. Endell*, 981 F.2d 1062, 1067

2    (9th Cir. 1992); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "Because vicarious

3    liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each

4    Government-official defendant, through the official's own individual actions, has

5    violated the Constitution." *Iqbal*, 556 U.S. at 676.

6         Plaintiff has made only conclusory allegations against Defendant Brewer.

7    Plaintiff has not alleged that Defendant Brewer is personally liable because she was

8    aware of risk of harm to Plaintiff's safety and failed to act, nor has he demonstrated she is

9    liable in her official capacity for implementing policies that resulted in Plaintiff's

10   injuries. Plaintiff's conclusory allegations against Defendant Brewer are insufficient and

11   fail to state a claim.

12        **B.    Gang Control**

13        Plaintiff's allegations in Count One regarding prison gangs and their rules are

14   vague and conclusory and not sufficient to state an Eighth Amendment claim. Although

15   Plaintiff alleges that under the prison gang rules his verbal and written communications

16   with or to prison staff, medical staff and to the outside world have been censored, he

17   describes no specific instances of when or how this occurred. He further alleges that

18   under the prison gang rules in his assigned housing area, prison jobs and activities are

19   monitored, but again he provides no specific examples of when or how this took place.

20   He alleges that if he complained about the prison gang rules to unnamed "prison

21   officials," he would be placed in "a maximum custody punitive segregation unit for

22   months or years," but offers no facts to support this speculative claim. Plaintiff also

23   alleges that Defendants have observed or been told about assaults, threats and extortion,

24   but Plaintiff provides no information about these alleged observations or reports such as

25   who was involved and when these events occurred. Similarly, Plaintiff does not allege

26   whether he personally complained to prison officials, and if so, when or what he said in

27   his complaint(s) and any response(s) he personally received from prison officials.

28

Finally, Plaintiff alleges that he has suffered "psychological debilitation" and monetary loss, but he provides no details about these injuries.

Because Plaintiff's allegations regarding prison gangs and their rules are vague and conclusory, they fail to state a claim and will be dismissed.

## C.    Conditions of Confinement

Plaintiff's claims of overcrowding in Counts One, Two, and Three are likewise vague and conclusory.  A bare allegation of overcrowding does not state a claim. *Hoptowit v. Ray*, 682 F.2d 1237, 1249 (9th Cir. 1982); *see also Rhodes v. Chapman*, 452 U.S. 337, 348 (1981).  Overcrowding can result in certain effects that may form the basis for a constitutional violation, such as increased violence, the dilution of constitutionally required services, and shelter unfit for human habitation.  *Hoptowit*, 682 F.2d at 1249; *see also Akao v. Shimoda*, 832 F.2d 119, 120 (9th Cir. 1987) (*per curiam*) (reversing district court's dismissal of claim that overcrowding caused increased stress, tension, communicable disease, and confrontation between inmates); *Toussaint v. Yockey*, 722 F.2d 1490, 1492 (9th Cir. 1984) (constitutional violation may occur as a result of overcrowded prison conditions engendering violence, tension and psychiatric problems).

In this case, Plaintiff's conclusory allegations of overcrowding fail to state a claim. Plaintiff fails to identify what each named Defendant did or failed to do that resulted in his injuries, whether he personally submitted any statements or grievances to Defendants regarding the prison conditions, and, if so, to whom, when, and what response(s) he received, if any.  Finally, he fails to assert approximately when and for how long he was subjected to overcrowded and understaffed conditions and fails to describe his injuries beyond the very vague statement that he suffers "mental and physical pain." Accordingly, Plaintiff's claims of overcrowding in Counts One, Two, and Three will be dismissed.

To the extent Plaintiff claims inmate porters are not provided with adequate protective equipment and training, he has also failed to state a claim.  Plaintiff has not alleged that he is employed as a porter and therefore suffers injury from being denied

protective equipment and training.  A "'plaintiff generally must assert his own legal rights and interests, and cannot assert the legal rights or interests of third parties.'" *Mothershed v. Justices of the Supreme Court*, 410 F.3d 602, 610 (9th Cir. 2005) (quoting *Warth v. Seldin*, 422 U.S. 490, 499 (1975)).

Accordingly, Plaintiff has failed to state conditions of confinement claims in Counts One, Two, and Three.

### D.    Medical Claims–Count Three

Not every claim by a prisoner relating to inadequate medical treatment states a violation of the Eighth or Fourteenth Amendment.  To state a § 1983 medical claim, a plaintiff must show that the defendants acted with "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).   A plaintiff must show (1) a "serious medical need" by demonstrating that failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain and (2) the defendant's response was deliberately indifferent. *Jett*, 439 F.3d at 1096 (quotations omitted).

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).  To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.  Deliberate indifference in the medical context may be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference. *Jett*, 439 F.3d at 1096.  Deliberate indifference may also be shown when a prison official intentionally denies, delays, or interferes with medical treatment or by the way prison doctors respond to the prisoner's medical needs. *Estelle*, 429 U.S. at 104-05; *Jett*, 439 F.3d at 1096.

Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. *Farmer*, 511 U.S. at 835.  "Neither negligence nor

gross negligence will constitute deliberate indifference." *Clement v. California Dep't of Corr.*, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); *see also Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or "medical malpractice" do not support a claim under § 1983). "A difference of opinion does not amount to deliberate indifference to [a plaintiff's] serious medical needs." *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). A mere delay in medical care, without more, is insufficient to state a claim against prison officials for deliberate indifference. *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). The indifference must be substantial. The action must rise to a level of "unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 105; *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

To the extent Plaintiff alleges he receives inadequate medical care due to delayed appointments he fails to state a claim. Plaintiff has not alleged that he suffers from a serious medical need and that a specific Defendant was aware of a substantial risk of harm to Plaintiff and failed to act. Plaintiff has therefore failed to state an Eighth Amendment medical claim.

**IV.   Leave to Amend**

As no claims now remain, Plaintiff's First Amended Complaint will be dismissed for failure to state a claim upon which relief may be granted. Within 30 days, Plaintiff may submit a second amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail Plaintiff a court-approved form to use for filing a second amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the second amended complaint and dismiss this action without further notice to Plaintiff.

If Plaintiff files a second amended complaint, Plaintiff must write short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the

1  violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered
2  because of that Defendant's conduct.  *See Rizzo*, 423 U.S. at 371-72, 377.

3          Plaintiff must repeat this process for each person he names as a Defendant.  If
4  Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific
5  injury suffered by Plaintiff, the allegations against that Defendant will be dismissed for
6  failure to state a claim.  **Conclusory allegations that a Defendant or group of**
7  **Defendants has violated a constitutional right are not acceptable and will be**
8  **dismissed**.

9          Plaintiff must clearly designate on the face of the document that it is the "Second
10  Amended Complaint."  The second amended complaint must be retyped or rewritten in
11  its entirety on the court-approved form and may not incorporate any part of the original
12  Complaint or First Amended Complaint by reference.  Plaintiff may include only one
13  claim per count.

14          A second amended complaint supersedes the original Complaint and First
15  Amended Complaint.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal*
16  *Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  After
17  amendment, the Court will treat the original Complaint and First Amended Complaint as
18  nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action that was raised in the
19  original complaint or first amended complaint and that was voluntarily dismissed or was
20  dismissed without prejudice is waived if it is not alleged in a second amended complaint.

21  **V.      Motion for Temporary Restraining Order and Preliminary Injunction**

22          On January 6, 2014, Plaintiff filed an "Amended Motion for Temporary
23  Restraining Order and a Preliminary Injunction" (Doc. 14).  Plaintiff seeks an order
24  requiring Defendants to protect Plaintiff and other inmates from prison gang rules,
25  segregate dangerous inmates from the general population, increase staffing, allow
26  inmates a minimum of 10 hours of outside exercise per day, reduce the prison population,
27  remove double bunks, and provide inmates with 60 square feet, per inmate, of useable
28  floor space.

**JDDL-K**

A preliminary injunction is an extraordinary and drastic remedy and will not be granted absent a clear showing of likely success in the underlying claim and possible irreparable injury.  *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (*per curiam*).  A party seeking preliminary injunctive relief "must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (*per curiam*) (Eighth Amendment claim cannot provide basis for preliminary injunction against alleged acts in retaliation for filing claim).  In other words, Plaintiff must seek injunctive relief related to the merits of his underlying claim.  Because there presently is no complaint pending, Plaintiff's request is not properly before the Court at this time.  Accordingly, the Court will deny the Motion without prejudice.

## VI. Warnings

### A. Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.  Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in dismissal of this action.

### B. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

### C. Copies

Plaintiff must submit an additional copy of every filing for use by the Court.  *See* LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D. Possible "Strike"

Because the First Amended Complaint has been dismissed for failure to state a

claim, if Plaintiff fails to file a second amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

### E.    Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    The First Amended Complaint (Doc. 10) is **dismissed** for failure to state a claim.  Plaintiff has 30 days from the date this Order is filed to file a second amended complaint in compliance with this Order.

(2)    If Plaintiff fails to file a second amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

(3)    Plaintiff's "Amended Motion for a Temporary Restraining Order and Preliminary Injunction" (Doc. 14) is **denied without prejudice**.

. . .

. . .

. . .

. . .

(4)      The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

Dated this 9th day of May, 2014.

_David G. Campbell_
David G. Campbell
United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3. <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing Fee</u>.  The filing fee for this action is $350.00.  If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6. <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $350 filing fee or the application to proceed *in forma pauperis* to:**

| | | |
|---|---|---|
| Phoenix & Prescott Divisions: | **OR** | Tucson Division: |
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona  85003-2119 | | Tucson, Arizona  85701-5010 |

7.  <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*). Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed. <u>See</u> Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this _____ (month, day, year) to:
> Name:  _____
> Address:_____
>          Attorney for Defendant(s)
>
> _____
> (Signature)

9.  <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint. <u>See</u> Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.  <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.  Completing the Civil Rights Complaint Form.

**HEADING:**

    1.  Your Name.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

    2.  Defendants.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

    3.  Jury Demand.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

    1.  Nature of Suit.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "Bivens v. Six Unknown Federal Narcotics Agents" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

    2.  Location.  Identify the institution and city where the alleged violation of your rights occurred.

    3.  Defendants.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

    You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

    You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page. Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

3

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

**FINAL NOTE**

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,   )
                                             )
(Full Name of Plaintiff)       Plaintiff,    )
                                             )
                vs.                          )   **CASE NO.** _____
                                             )        (To be supplied by the Clerk)
(1) _____ ,      )
(Full Name of Defendant)                     )
(2) _____ ,      )
                                             )       **CIVIL RIGHTS COMPLAINT**
(3) _____ ,      )            **BY A PRISONER**
                                             )
(4) _____ ,      )   ☐ Original Complaint
                Defendant(s).                )   ☐ First Amended Complaint
  ☐ Check if there are additional Defendants and attach page 1-A listing them.   )   ☐ Second Amended Complaint

## A.  JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
     ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
     ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
     ☐ Other: _____.

2.   Institution/city where violation occurred: _____.

Revised 3/9/07                                1                              **550/555**

## B.  DEFENDANTS

1. Name of first Defendant: _____. The first Defendant is employed as:
   _____at_____.
   (Position and Title)                                         (Institution)

2. Name of second Defendant: _____. The second Defendant is employed as:
   _____at_____.
   (Position and Title)                                         (Institution)

3. Name of third Defendant: _____. The third Defendant is employed as:
   _____at_____.
   (Position and Title)                                         (Institution)

4. Name of fourth Defendant: _____. The fourth Defendant is employed as:
   _____at_____.
   (Position and Title)                                         (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?        ☐ Yes        ☐ No

2. If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

   a. First prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____.
      3. Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
         _____.

   b. Second prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____.
      3. Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
         _____.

   c. Third prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____.
      3. Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
         _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.  CAUSE OF ACTION

### COUNT I

1.    State the constitutional or other federal civil right that was violated: _____
_____.

2.    **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion          ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____

3.    **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.    **Administrative Remedies:**
a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                ☐ Yes    ☐ No
b.    Did you submit a request for administrative relief on Count I?            ☐ Yes    ☐ No
c.    Did you appeal your request for relief on Count I to the highest level?   ☐ Yes    ☐ No
d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.  _____
_____.

3

**COUNT II**

1.    State the constitutional or other federal civil right that was violated: _____

_____.

2.    **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities          ☐ Mail            ☐ Access to the court        ☐ Medical care
☐ Disciplinary proceedings   ☐ Property        ☐ Exercise of religion       ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.    **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.    **Administrative Remedies.**
a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                     ☐ Yes      ☐ No
b.    Did you submit a request for administrative relief on Count II?            ☐ Yes      ☐ No
c.    Did you appeal your request for relief on Count II to the highest level?  ☐ Yes      ☐ No
d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

4

**COUNT III**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion         ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                    ☐ Yes   ☐ No
   b.   Did you submit a request for administrative relief on Count III?          ☐ Yes   ☐ No
   c.   Did you appeal your request for relief on Count III to the highest level?  ☐ Yes   ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                              DATE                                     SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)
_____
_____
_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.